UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Shawna D. Vercher,

       Debtor.

_____/

Timothy Donaghy, and
Bromagen & Rathet, P.A.,

       Plaintiffs,

vs.

Shawna D. Vercher,

       Defendant.

_____/

Bankruptcy Case No.: 8:12-bk-17176-KRM

Chapter 7

Adv. Pro. No.: 8:13-ap-00135-KRM

**MEMORANDUM OPINION
AND ORDER ON TIMELINESS OF COMPLAINT**

This proceeding came on for hearing on April 2, 2013, on the Complaint to Determine

Dischargeability of a Debt[1] filed by Timothy Donaghy and Bromagen & Rathet, P.A.

(collectively, the "Plaintiffs"), against the debtor, Shawna D. Vercher (the "Defendant").  The

Court determined that the issue of whether the adversary proceeding may continue ultimately

turns on whether the Plaintiffs' first complaint satisfied the timeliness requirement of Rule 4007

despite procedural defects, such that the Order to Strike the Complaint[2] should be vacated.  The

---

[1] Adv. Doc. No. 1.

[2] Doc. No. 22.

Court took the issue under advisement and provided counsel with fourteen (14) days to file supplemental case law.

For the reasons set forth below, the Court finds that the Plaintiffs' first complaint, filed in the main bankruptcy case, is deemed to be timely filed.  The Court also finds that the corrected complaint, filed in the adversary proceeding, relates back to the timely filed complaint in the main bankruptcy case.  Based on these findings, the Court shall vacate the Order to Strike and the adversary proceeding may continue.

*Background*

The Defendant filed her Chapter 7 petition on November 11, 2012.[3]  On November 30, 2012, the Clerk's Office entered an order providing notice to creditors that February 11, 2013 was the deadline to file complaints objecting to the debtor's discharge and/or challenging the dischargeability of certain debts.[4]

On the deadline date, the Plaintiffs attempted to file a last minute complaint challenging the dischargeability of judgment debts owed to them pursuant to sections 523(a)(4) and 523(a)(6), and objecting to the debtor's discharge pursuant to sections 727(a)(2)(A), 727(3), 727(4)(B), and 727(4)(D).   The basis for the complaint is a state court judgment, which purportedly finds that the Defendant defrauded Mr. Donaghy out of several hundred thousand dollars in royalties stemming from a book authored by Mr. Donaghy about his career as an NBA official.

---

[3] Doc. No. 1.

[4] Doc. No. 17.

However, due to a mistake by Plaintiffs' counsel, the attempted complaint was filed in the main bankruptcy case without the required cover sheet or filing fee.[5]  As a result, on February 13, the Clerk's Office entered its standard order striking the attempted complaint for being improperly filed.[6]

Upon receiving notice of the stricken pleading, the Plaintiffs immediately filed a corrected complaint, initiating this adversary proceeding.[7]  Because the corrected complaint was untimely, the Plaintiffs also filed a motion to extend the time for filing.[8]  After hearing the matter, the Court denied the Plaintiffs' motion because there is no basis for expanding the time for filing the present complaint.[9]  Pursuant to Bankruptcy Rules 4004(a) and 4007(c), the complaint filed by the Plaintiff was required to have been brought within 60 days of the first scheduled meeting of the creditors, or February 11, 2013.  And, Rule 9006(b)(3) expressly limits the ability of the Court to enlarge the time to file the complaint in this matter to only those exceptions listed in the Rules 4004 and 4007, which are not applicable here.

Although the Defendant has filed an answer to the complaint, the answer expressly questions the timeliness of the proceeding and reserves the Defendant's defense on those grounds.[10]  Accordingly, if this proceeding relies exclusively on the corrected complaint filed on February 13 in order to proceed, the Court must dismiss it as time barred.

---

[5] Doc. No. 21.

[6] Doc. No. 22

[7] Adv. Doc. No. 1.

[8] Adv. Doc. No. 3.

[9] Adv. Doc. No. 15.

[10] Adv. Doc. No. 11.

The proceeding may only continue if the deficient complaint filed on February 11 satisfied the requirements for being timely filed such that the Order to Strike Complaint[11] should be vacated to permit the amended complaint to relate back to the previous filing date.

*Conclusions of Law*

**1. First Complaint Timely Filed**

In order to determine whether the adversary proceeding may continue, the Court must first determine whether the Plaintiffs' first complaint was timely filed despite the fact that the complaint was filed without the requisite cover sheet or filing fee. "Bankruptcy courts have utilized the principles of equity in decisions dealing with failure to fulfill exact filing requirements and deadlines."[12]   In *Cosper v. Frederick*, the bankruptcy court in the Northern District of Florida held that "a complaint is 'filed' upon receipt of the complaint by the clerk of the court, even though the clerk returned the complaint to the complainant due to lack of a cover sheet and a filing fee."[13]  The *Cosper* court noted that the purpose of filing deadlines is served by the complainant's filing its complaint, despite whether the filing fees are paid the same day or not.[14]  Additionally, in *Rodgers ex rel. Jones v. Bowen*, the Eleventh Circuit similarly held that "a complaint is filed when it is in the actual or constructive possession of the clerk of the court, regardless of whether the filing fee is paid in a timely manner."[15]

---

[11] Doc. No. 22.

[12] *Evans v. Pace (In re Pace)*, 130 B.R. 338, 340 (Bankr. N.D. Fla. 1991).

[13] *Id.* (citing *Cosper v. Frederick*, 73 B.R. 636 (Bankr. N.D. Fla. 1986)).

[14] *Cosper,* 73 B.R. at 637.

[15] *In re Pace*, 130 B.R. at 340 (citing *Rodgers ex rel. Jones v. Bowen*, 790 F.2d 1550, 1552 (11th Cir. 1986)).

In light of the case law cited above, the Plaintiffs' complaint was "filed" when it was received by the Clerk's Office, on February 11, 2013, before the bar date ran. Therefore, the Plaintiffs' first complaint is deemed to be timely filed.

## 2. Adversary Complaint Relates Back

According to the Eleventh Circuit in *Byrd v. Alton*, the plain language of Rule 4007(c) prohibits bankruptcy courts from taking equitable considerations into account when determining whether to grant a motion to extend the deadline to file dischargeability actions.[16] The Eleventh Circuit explained that:

> The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made *before* the running of the time period. There is "almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint."[17]

Despite the fact that the creditor in *Alton* did not receive notice of the bar date, the Eleventh Circuit found that because the creditor received actual notice of the bankruptcy proceeding with sufficient time to file a dischargeability complaint, the creditor's motion requesting an extension of time filed after the bar date ran was correctly dismissed as untimely.

Subsequent to the Eleventh Circuit's ruling in *Alton*, the Supreme Court issued an opinion holding that Bankruptcy Rule 4004(a) is not jurisdictional.[18] The Supreme Court explained that the time limitations in the Federal Rules of Bankruptcy Procedure are different than those in the Bankruptcy Code because "the filing deadlines prescribed in Bankruptcy Rules

---

[16] *Byrd v. Alton (In re Alton)*, 837 F.2d 457, 459 (11th Cir. 1988)

[17] *In re Alton*, 837 F.2d at 459 (citing *In re Maher*, 51 B.R. 848, 852 (Bankr. N.D. Iowa 1985)) (emphasis original).

[18] *Kontrick v. Ryan*, 540 U.S. 443, 453, 124 S.Ct. 906 (2004).

4004 and 9006(b)(3) are claim-processing rules that do not delineate what cases bankruptcy courts are competent to adjudicate."[19]

*In re Calinoiu* is factually similar to the case at hand and offers a persuasive interpretation of the law in light of the Supreme Court's decision in *Kontrick*.  In *Calinoiu,* a creditor filed a purported complaint objecting to the debtor's dischargeability in the main bankruptcy case rather than initiating an adversary proceeding.[20]  The Bankruptcy Clerk's office issued a corrective entry notifying the creditor that complaints objecting to dischargeability must be filed in an adversary proceeding.  The creditor promptly filed an adversary proceeding upon learning of the issue one day after the bar date.

The *Calinoiu* court relied on the Supreme Court's decision in *Kontrick,* in addition to subsequently decided bankruptcy cases, for the proposition that "[t]he deadline for objections to discharge or to the dischargeability of a debt as set forth in Rules 4004 and 4007 is not jurisdictional in nature therefore its enforcement is subject to equitable considerations."[21]  The court noted that "[n]umerous courts have addressed the identical issue- where an objection to discharge has been timely filed in the main bankruptcy case and later refiled after the 'bar date' as an adversary proceeding- and have either applied the equitable 'relation back' doctrine or simply deemed the late filed complaint as timely filed."[22]

---

[19] *Id.* at 454.

[20] *In re Calinoiu*, 431 B.R. 121 (Bankr. W.D. Pa. 2010).

[21] *In re Calinoiu*, 431 B.R. at 123 (citing *In re Forsythe*, 2005 WL 4041162, *4 (Bankr. S.D. Ohio, May 24, 2005) (citing *Kontrick*, 540 U.S. 443; *Nardei v. Maughan*, 340 F.3d 337 (6th Cir. 2003)).

[22] *Id.* at 123-24 (citing *In re Rutherford*, 427 B.R. 656 (Bankr. S.D. Ohio 2010); *In re Dunaway*, 346 B.R. 449 (Bankr. N.D. Ohio 2006); *In re Caldwell*, 2007 WL 1702610 (Bankr. N.D. Ala., June 8, 2007); *In re Little*, 220 B.R. 13 (Bankr. D.N.J. 1998); *In re Sherf*, 135 B.R. 810 (Bankr. S.D. Tex. 1991); *In re Forsythe*, 2005 WL 4041162).

Among several other cases, the *Calinoiu* court cites to *In re Caldwell*, which looked to a test set forth by the Ninth Circuit Bankruptcy Appellate Panel in *In re Markus*.[23]   The two-part test, used to determine whether the untimely adversary proceeding related back to a timely filed complaint, requires a court to consider: (1) whether the initial document provided the debtor with fair notice of the creditor's claims and grounds, and (2) if the creditor's claims in the new pleading, the adversary complaint, arise from the same conduct as the claims made in the initial document.[24]

Applying the two-part test, the *Calinoiu* court found the complaint filed in the adversary proceeding made identical allegations to the complaint filed in the main bankruptcy case, and that the adversary proceeding was commenced only two days after the bar date.   The court determined that the debtor received fair and timely notice of the claims upon which the dischargeability action was premised, and that the debtor would not be prejudiced by the court allowing the adversary complaint to proceed.

Persuaded by the Supreme Court's decision in *Kontrick*, as well as the interpretation and analysis set forth in *Caliniou*, this Court agrees that the deadline set forth in Rules 4004 and 4007 is not jurisdictional and is therefore subject to equitable considerations.   Applying the two-part test used in *Caliniou* to the facts at hand, the Court finds that the corrected complaint filed in the adversary proceeding was identical to the first complaint filed in the main bankruptcy case, and that the adversary proceeding was commenced only two days after the bar date ran. Furthermore, the basis for the dischargeability complaint is a state court judgment, of which the Defendant had personal knowledge.   As in *Caliniou*, the Defendant received fair and timely

---

[23] *See In re Caldwell*, 2007 WL 1702610; *In re Markus*, 268 B.R. 556 (9th Cir. BAP 2001).

[24] *In re Calinoiu*, 431 B.R. at 125 (citing *In re Caldwell*, 2007 WL 1702610) (citing *In re Markus*, 268 B.R. 556)).

notice of the allegations upon which the Plaintiffs' complaint was premised, and will not be prejudiced by the Court allowing the adversary proceeding to proceed. For these reasons, the Court finds that the corrected complaint relates back to the first complaint, and that the adversary proceeding may continue.

*Conclusion*

During the April 2, 2013 hearing, the Court determined that the Plaintiffs' adversary proceeding may continue if the Plaintiffs' first complaint satisfied the timeliness requirement of Rule 4007 despite procedural defects, such that the Order to Strike the Complaint should be vacated. The Court finds that the Plaintiffs' first complaint is deemed to be timely filed. The Court also finds that the corrected complaint, which initiated the current adversary proceeding, relates back to the timely filed complaint in the main bankruptcy case. Based on these findings, the Court shall vacate the Order to Strike, and the adversary proceeding may continue.

Accordingly, it is **ORDERED** that:

1.   The Plaintiffs' first complaint is deemed to be timely filed.

2.    The Plaintiffs' corrected complaint relates back to the timely filed complaint.

3.   The Court will vacate the Order to Strike by separate order; and

4.   The adversary proceeding may continue.

**DONE** and **ORDERED** in Chambers at Tampa, Florida, on <u>July 18, 2013</u>.

K. Rodney May
United States Bankruptcy Judge

8